## Commonwealth v. Winkelman

*J. Michael Williamson* and *Martin A. Flayhart*,
*District Attorneys*, for Commonwealth.
*Frederick D. Lingle*, for defendant.

BROWN, *P.J.*, May 8, 1979—Defendant was convicted at a non-jury trial on the charge of default of required appearance pursuant to the Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §5124, which provides in part as follows: "(a) A person set at liberty by court order, with or without bail, upon condition that he will subsequently appear at a specified time and place, commits a misdemeanor . . . if, without lawful excuse, he fails to appear at that time and place."

The charges arose out of a prior cirminal charge which was filed against defendant on February 13, 1978, before District Justice of the Peace Kevin R. Dwyer. In conjuction with those proceedings, defendant was admitted to nominal bail and scheduled for a preliminary hearing on February 24, 1978. At the request of the prosecuting officer,

Magistrate Dwyer continued that hearing until March 17, 1978, which continuance was duly made known to both defendant's counsel and defendant. Thereafter, defendant personally obtained a subpoena from the district justice for the purpose of compelling the attendance of a witness at his rescheduled March 17, 1978, preliminary hearing. On the date of the preliminary hearing, the prosecuting officer and defendant's counsel appeared. However, defendant failed to appear and offered no reason for this failure. Based on these facts, defendant was found guilty of the aforesaid charge of default in a required appearance.

■ Initially defendant argues that he is not in violation of the aforesaid statute because he was not "set at liberty by court order." The rationale for this argument revolves around the proposition that the district justice's action in releasing defendant on nominal bail did not constitute a court order since a court order can only be entered by a court of record. Reliance is placed upon the definition of the word "court" as contained in Pa.R.Crim.P. 3(e) which defines "court" as a court of record. However, this construction or interpretation of the word court would be illogical in the context of section 5124 which was enacted as a bail jumping statute. It would be a frustration of the legislative intent to provide penalties for defendants who refuse to honor their bail commitment to attend all required hearings.

■ Since the definition of "court" in Pa.R.Crim.P. 3(e) applies only to those rules, it need not be extended to a legislative enactment such as the Pennsylvania Crimes Code. That statute itself apparently does not define the word "court," and therefore, the term will be applied in its generic

sense. The setting of bail in criminal cases is done almost exclusively by district justices, and to interpret section 5124 narrowly so as to confine its applicability to courts of record would unduly limit its attempt to deal with bail jumping. Thus, the act of a district justice in setting bail and signing the appropriate documents to effectuate a defendant's release on bail constitutes a court order under section 5124, and a subsequent failure to appear in the proceedings without lawful excuse constitutes a violation of the act.

■ Defendant's next argument is that the Commonwealth did not show that he failed to appear at his originally scheduled preliminary hearing and that this was the only obligation he had with regard to his bail. This is a spurious argument, as the express conditions of defendant's bail required him to appear at all times before any of the Courts of Clinton County as his presence may be required until full and final disposition of his case. To so limit the obligations of defendant's bail would be to render bail meaningless.

■ Defendant's next objection is to the court's allowing the Commonwealth to reopen its case for the purpose of presenting additional evidence. The additional evidence consisted of Commonwealth Exhibit No. 2 which was a notice to defendant's counsel of the continued preliminary hearing of March 17, 1978. This item of evidence was not indispensable, and the court was merely exercising its discretion in allowing the Commonwealth's case to be reopened. Accordingly, no relief can be granted to defendant on this basis.

■ The fourth reason advanced by defendant for granting post verdict relief relates to an argument that the verdict is against the weight of the evi-

dence. This contention has previously been discussed, and it is clear that defendant did in fact refuse to honor his bail obligation to appear at his continued preliminary hearing on March 17, 1978, and accordingly, his request for post verdict relief will be denied.

## ORDER

And now, May 8, 1979, based upon the foregoing memorandum, it is hereby ordered that defendant's post verdict motions be dismissed and the requested relief be denied. A pre-sentence investigation report on other charges having previously been prepared with regard to defendant, it is further ordered that defendant appear before the court for sentencing on May 29, 1979, at 9:30 a.m.